# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITEDHEALTHCARE INSURANCE
COMPANY,

      Plaintiff,

v.                                                                        No. 20-cv-158-WJ-SCY

CORE ENERGY, INC. a/k/a CORE
ENERGY LLC,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT
## and
## DEFERRING RULING ON ATTORNEYS' FEES PENDING MOTION AND SUPPORTING DOCUMENTATION

**THIS MATTER** is before the Court on the Motion for Default Judgment [Doc. 12] filed by Plaintiff UnitedHealthcare Insurance Company ("UHIC") against Defendant Core Energy, Inc a/k/a Core Energy, LLC ("Core Energy") on May 21, 2020. Defendant did not file a response to the motion. For the reasons stated in this opinion, the Court finds that Plaintiff's motion is well-taken. However, the Court delays ruling on UHIC's claim for attorneys' fees and orders that UHIC file a separate motion for attorneys' fees with supporting documentation.

### BACKGROUND

On February 24, 2020, UHIC filed a complaint alleging four causes of action against Core Energy, all related to Core Energy's failure to pay insurance premiums on three group health insurance policies provided by UHIC. UHIC filed the complaint in federal court based on diversity

jurisdiction.[1] Doc. 1-1 (Civil Cover Sheet) at 1. According to the complaint, UHIC terminated the group policies on November 2, 2018, each with an outstanding balance. Pursuant to the group policies, Core Energy maintained an open account with UHIC. After termination, UHIC "performed a final balance reconciliation" and determined that the total unpaid premium balance on Core Energy's open account was $72,333.18. Doc. 1 (Complaint) at 4. UHIC contends that, despite sending multiple demand letters, Core Energy failed to make payment. As a result, UHIC alleges that it is entitled to damages equal to the outstanding account balance based on breach of contract, unjust enrichment, and quantum meruit. UHIC maintains that the unpaid premium balance is the appropriate relief to resolve all claims. Doc. 12 (UHIC's Motion) at 4. Furthermore, UHIC claims that it is entitled to $6,235.95 in attorneys' fees pursuant to N.M. Stat. Ann. 1978, § 39-2-2.1, which authorizes reasonable attorneys' fees as damages when used "to recover on an open account." *Id.* at 6.

## DISCUSSION

"Fed. R. Civ. P. 55 governs the entry of default judgments in federal court." *Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995) (unpublished table decision). Rule 55 sets forth a two-step process for a party seeking default judgment. *Id.* First, the movant must obtain the clerk of court's entry of default by showing that the opposing party has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, the movant must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

---

[1] The Court notes that 28 U.S.C.A. § 1332 requires diversity of citizenship and an amount in controversy in excess of $75,000. According to the complaint, UHIC is a Connecticut corporation and Core Energy is a California corporation. Doc. 1 (Complaint) at 2. The amount of controversy exceeds $75,000 based on the aggregation of Core Energy's outstanding account balance and its attorneys' fees recoverable under N.M. Stat. Ann. § 39-2-2.1. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) (holding attorneys' fees authorized by statute may be included in the amount in controversy to satisfy jurisdictional requirement).

UHIC has met the first step in obtaining a default judgment under Rule 55. UHIC effectuated service of process on Core Energy on April 6, 2020. Doc. 8 (Summons) at 2. As such, Core Energy was required to serve and answer or file a Rule 12 motion "within 21 days after being served." Fed R. Civ. P. 12. Core Energy failed to appear and respond to the complaint. Accordingly, upon UHIC's request, the Clerk of Court entered the default of Core Energy. Doc. 11 (Clerk's Entry of Default). The next day, UHIC filed the subject motion seeking entry of default judgment by the Court.

After entry of default, the Court may enter default judgment pursuant to Fed. R. Civ. P. 55(b)(2). In reviewing a motion for default judgment, a court takes the factual allegations in the complaint as true, "except for those relating to the amount of damages." *Benitez v. Simmi Hospitality Management Inc.*, 2017 WL 3437665, *1 (D. Kan. 2017). An entry of default only establishes the defaulting party's liability, not the amount of damages. *Id.* Fed R. Civ. P 55(b)(2) contemplates that a court may need to hold hearings to "conduct an accounting" or "determine the amount of damages" before entering default judgment. However, a court may enter default judgment for a damage award without a hearing if the amount claimed is "one capable of mathematical calculation." *Applied Capital, Inc. v. Gibson*, 558 F.Supp.2d 1189, 1202 (D.N.M. 2007) (Browning, J.)(quoting *Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)).

In the instant case, UHIC claims $72,333.18 in damages based on Core Energy's failure to pay group insurance policy premiums as required by contract. UHIC provides several affidavits in support, including a detailed, line-by-line statement of Core Energy's account balance calculated by UHIC's Director of Credit Risk. Doc. 12-2 (Affidavit of Paul J. Cirillo) at 3. The Court therefore finds that UHIC's breach of contract damages are "capable of mathematical calculation" based on

the information in the record. *Applied Capital, Inc.*, F.Supp.2d. at 1202. Accordingly, the Court finds that a hearing on the issue is unnecessary and would only invite undue delay in the resolution of this case.

UHIC also makes claim to $6,235.95 in attorneys' fees. Damages for attorney's fees must be capable of calculation and they "may not be awarded without a hearing to determine the amount." *Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). In support of its claim, UHIC submitted one five-page affidavit from an attorney of record in the instant case. Doc. 12-1 (Affidavit of Charles M. Gearing). The affidavit concluded that $6,235.95 is "reasonable and necessary" without any mention of the number of hours billed, attorneys' hourly rates, or tasks completed. As such, UHIC's attorneys' fees are not capable of mathematical calculation based on the record. The Court therefore defers judgment and orders that UHIC submit a separate motion for attorneys' fees with supporting documentation.

## CONCLUSION

In accordance with Fed. R. Civ. P. 55, UHIC obtained entry of default from the Clerk of Court and promptly petitioned the Court for default judgment afterwards. UHIC also provided a detailed affidavit supporting damages arising from Core Energy's unpaid account balance. UHIC's Motion for Default Judgment against Core Energy is therefore **GRANTED** as follows:

- Default Judgment is entered for UHIC in the amount of $72,333.18 plus interest at the federal post judgment rate thereafter; and
- The Court defers judgment on UHIC's claim for reasonable attorneys' fees and costs pending a motion by UHIC with supporting documentation.  UHIC shall file its motion for attorneys' fees and costs with supporting documentation within thirty days of the entry of this Default Judgment.

**IT IS SO ORDERED**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**